Emily Noelle Mihaylo
Place of Confinement:   Viewpoint Dual Recovery
702 W. Hillside Ave.
Prescott, AZ 86301

James Joseph Knochel  (co-petitioner)
1100 W Valley View Rd
Prescott, AZ 86303
(928) 925-0279

# IN UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emily Noelle Mihaylo;<br><br>James Joseph Knochel,<br>  Plaintiffs,<br>v.<br>Shane Russell-Jenkins;<br><br>Amy Fackrell;<br><br>John C. Morris,<br>  Respondents,<br>and<br>The Attorney General of the State of Arizona,<br>  Additional Respondent. | Case Number:<br>    CV-18-08004-PCT-GMS-JZB<br><br>**Response to Motion to Dismiss** |

On 1-24-2018 this court docketed a letter, supposedly written by Emily Noelle Mihaylo ("Mihaylo"), as a 'Motion to Dismiss'. Mihaylo's next-friend, James Joseph Knochel ("Knochel") finds several aspects to be 'curious':

Response to Motion to Dismiss, pg 1

1. The letter is printed on Viewpoint Dual Recovery's official stationary. This indicates that Mihaylo had assistance in sending this letter. If Mihaylo had written this letter of her own initiative, she would have used plain paper.

2. Many of the phrases indicate that an attorney was probably involved: referring to the case as a 'claim' (Mihaylo knows exactly what 'Habeas Corpus' means), "Moving forward", "dismissed, thrown out, and terminated all together", "For further clarification", etc.
Respondent Amy Fackrell styles her name with JD. Her biography at www.viewpointdualrecovery.com/staff/amy-fackrell/ notes that she previously practiced law in California and Texas, starting in 1990.

3. Re: "ex-boyfriend": This is not a decision made of Mihaylo's own free will, and may or may not reflect Mihaylo's actual thoughts on our relationship.

Various staff at Viewpoint Dual Recovery, including respondent Amy Fackrell, believe that Mihaylo should not talk to people that she used to know, especially Knochel. They have had no significant contact with me, and only assume that I am not a healthy influence on Mihaylo.

Knochel has a hand-written letter from Mihaylo that proves that Knochel's influence on Mihaylo has been positive. Knochel intends to show this to the court at the requested evidentiary hearing. It has not been filed because it is private correspondence that we would prefer to keep out of the public record.

Mihaylo did not contact Knochel for about 6 months after the resumption of her harmful forced treatment program. She surreptitiously resumed contact

with Knochel approximately when West Yavapai Guidance Clinic began to taper her off one of the more harmful of the drugs they force upon her (this was approximately when Knochel initiated his appeal of the Yavapai Superior Court's orders of dismissal).

Knochel still considers Mihaylo his girlfriend. She figured out how to briefly escape from her captors, and arranged non-approved meetings with Knochel in October, 2017.

4. Re: "The reason he filed this claim is unknown to me." Mihaylo specifically asked Knochel to "please get me out of here" in June 2016. This was a request for Knochel to file for habeas corpus on her behalf. Knochel specifically informed Mihaylo of waiting for the Arizona Court of Appeals and Arizona Supreme Court's decisions. Mihaylo expressed tempered optimism to Knochel that the ASC would release her from her predicament.

5. Re: "I was unaware that my information was being used to file this claim": Knochel specifically told Mihaylo that he was working on a habeas corpus filing for the U.S. District Court in a phone conversation in November, 2017. He emailed her on January 1, 2018 and January 10, 2018 [Exhibit 1]. The January 10 email contained a final draft of the Petition filed in this case on January 11th. Mihaylo does have access to her phone, and would have seen these emails. There were no replies by Mihaylo to the emails in Exhibit 1.

6. There is no way to tell if Mihaylo actually received the court's mailed notifications, or if these were intercepted by Viewpoint Dual Recovery's office staff. "702 W. Hillside Ave" is Viewpoint's business office. While clients sometimes are taken to this location for meetings, they do not actually reside

at this address. Staff at Viewpoint Dual Recovery have previously intercepted and destroyed correspondence delivered by Knochel for Mihaylo.

7. The letter is not notarized, and could have been signed by anyone.

This letter is likely to have been written by someone who is not Emily Mihaylo. If it was indeed signed by Mihaylo, it was certainly signed under duress, or without her being properly advised by an attorney acting in Mihaylo's best interests.

Due to these points and the nature of Mihaylo's confinement, Knochel suspects that 'someone' either opened Mihaylo's District Court mailings before they reached her, or forced her to open this mail in their presence, thereby invading Mihaylo's privacy.

Knochel asks the court to consider this letter as further evidence of Mihaylo's status as a vulnerable person, and as further justification for the necessity of appointed counsel for Mihaylo.

Exhibit 1 – Emails sent to Emily Noelle Mihaylo on 1-1-2018 and 1-10-2018.

RESPECTFULLY SUBMITTED,

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct:

Date: 1-26-2018

Signature of Pro Se Plaintiff
James Joseph Knochel
1100 W Valley View Rd
Prescott, AZ 86303
(928) 925-0279

Exhibit 1

M Gmail                                           James Knochel <knochj@gmail.com>

## Happy new year!

james knochel <knochj@gmail.com>                    Mon, Jan 1, 2018 at 6:48 PM
To: Emily New Ipod <emilymihaylo@icloud.com>

Hello dearest,

I hope you had a good holiday. I've been to Phoenix three times in the last week - Christmas Eve (dad & brother), Christmas day (mom & brother), and yesterday (shopping trip). I bought a new battery for my phone (should only take 5 minutes to install) and networking supplies for the house.

Your habeas corpus petition is coming along nicely. The federal judge will either approve it, and ask the State to explain themselves, or he'll return it to me with reasons why it's insufficient. The judge at the yavapai superior court broke all sorts of rules when she didn't do her job (you'd said "please get me out of here"). It was also improper for her to let WYGC know that I'd filed on your behalf - it was like she was saying, "your patient is trying to escape", when all you wanted was for them to respect your right to not have to take double-doses of (so-called) anti-psychotics.

The free attorney at the US District Court last month suggested I also file a brief explaining how I have indeed used up my options in the state courts. She also had a good suggestion for something else to ask for...

When searching through the US statutes, I found that they can appoint an attorney to represent us, when "justice" so requires, so I'm asking the federal judge to do that.

Would you like to read your petition? I figure I'll file it on about January 10th. It's not complete yet, but I can email you a draft copy.

:^)

love,
James

 Gmail

James Knochel <knochj@gmail.com>

## draft for next filing

**james knochel** <knochj@gmail.com>  Wed, Jan 10, 2018 at 3:05 PM
To: Emily New Ipod <emilymihaylo@icloud.com>

The head clerk at the United States District Court in Phoenix is named Harley, like the motorcycle. I intend to ask him if any of the formatting needs to be fixed. Otherwise this is mostly complete... The judges have the ability to assign council when necessary, and are required to do so for evidentiary hearings. There are some miscellaneous motions too.

After the court acknowledge that your treatment is not at all legal, I'm going to file for habeas corpus for myself, also in the federal court. Banner Thunderbird couldn't actually have me prosecuted for trespassing because they themselves were breaking the law, and their crime against you means that I had a valid reason to ignore their security guards.

love,
James



HC 6 - Final Draft for ENM.pdf
341K