ASH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emily Noelle Mihaylo, et al.,<br>Petitioners,<br>v.<br>Shane Russell-Jenkins, et al.,<br>Respondents. | No. CV 18-08004-PCT-GMS (JZB)<br><br>**ORDER** |

On January 11, 2018, James Joseph Knochel filed, as "next friend" of Petitioner Emily Noelle Mihaylo, a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), paid the filing fee, and sought a Temporary Restraining Order and "Ex-Parte Evidentiary Hearing" (Doc. 2), as well as the appointment of counsel (Doc. 3). Mr. Knochel alleged that Petitioner had been ordered into treatment at a mental health facility, that she was being compulsorily medicated, and that the medications were making her condition worse but that she was being "brainwash[ed]… into thinking she's benefitting from her treatment." (Doc. 1 at 24).[1] On January 24, 2018, Petitioner sent a letter (Doc. 8) to the Court — which the Clerk of Court has docketed as a Motion to Dismiss (Doc. 8) — stating that

> "at no time did I file this claim and I would like it to be removed. I believe that my ex-boyfriend used my information to file this claim. The reason he

---

[1] The Petition also alleges that Petitioner's mental illness should be a bar to her recent conviction for the "strict liability offense" of drug possession (Doc. 1 at 26), that her bail was excessive (*Id.* at 27), and that her attorney provided ineffective assistance (*Id*. at 30).

filed this claim is unknown to me. Moving forward[,] I would like to have this case dismissed, thrown out, and terminated all together."

On January 26, 2018, Mr. Knochel filed a "Response" to the Motion, suggesting that the Motion had not been written by Petitioner, or at least not by her "of her own free will," and that the Motion otherwise is "evidence of [Petitioner's] status as a vulnerable person, and as further justification for the necessity of appointed counsel for Mihaylo." (Doc. 9).

Under Article III, a federal court cannot consider the merits of a legal claim unless the person seeking to invoke the jurisdiction of the court establishes the requisite standing to sue. *Whitmore v. Arkansas,* 495 U.S. 149, 154 (1990). A litigant demonstrates standing by showing that she has suffered an injury in fact that is fairly traceable to the challenged action and is redressable by a favorable judicial decision. *Steel Company v. Citizens for a Better Environment,* 523 U.S. 83, ___, 118 S.Ct. 1003, 1017 (1998).

The Supreme Court recognized in *Whitmore* that a habeas petitioner may demonstrate standing as a "next friend." 495 U.S. at 163. A next friend does not himself become a party to the habeas petition, "but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Id.* The Court set out "at least two firmly rooted prerequisites to 'next friend' standing":

> First, a next friend must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the next friend must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate and it has been further suggested that a next friend must have some significant relationship with the real party in interest. The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

*Id.* at 163–64 (citations omitted).

Given the conflicting accounts between Mr. Knochel's filings and Petitioner's Motion to Dismiss, Mr. Knochel has failed to establish that he should be allowed to bring this action as Petitioner's "next friend." That is, Mr. Knochel has not presented sufficient evidence to support that Petitioner is unable to appear on her own behalf to prosecute this

action; indeed, it appears that Petitioner is capable of appearing on her own behalf, as evidence by the Motion to Dismiss. *Whitmore,* 495 U.S. at 164–166; *Demosthenes v. Baal,* 495 U.S. 731, 736-37 (1990). Further, given that Petitioner herself has indicated that she has no interest in this action or, it seems, with Mr. Knochel, he has failed to clearly establish the propriety of his status *vis a vis* Petitioner so as to justify this Court's jurisdiction. Accordingly, the Court will dismiss the Petition and this action without prejudice. If Petitioner wishes to bring her own habeas action in the future, she remains free to do so.

**IT IS ORDERED:**

(1) The Petition for Habeas Corpus (Doc. 1) and this case are **dismissed without prejudice**. The Clerk of Court must enter judgment accordingly and close this case.

(2) The "Motion for Ex-Parte Evidentiary Hearing in Support of 'Next Friend,' and for a Temporary Restraining Order" (Doc. 2), Motion for Appointment of Counsel (Doc. 3) and Motion to Dismiss Case (Doc. 8) are **denied as moot**.

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 7th day of February, 2018.

*[signature]*
Honorable G. Murray Snow
United States District Judge